IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FREDRIC MURATORE, and LILLIAN MURATORE, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-18-4654 |
| TEXAS FARMERS INSURANCE COMPANY, and MCKENZIE SHOAF, | § § § § | |
| Defendants. | § § | |

**MEMORANDUM AND OPINION**

In November 2018, Fredric and Lillian Muratore sued Texas Farmers Insurance Company and McKenzie Shoaf in state court, asserting common-law negligence, negligent-representation, and contract-breach claims based on flood damage that the plaintiffs' home sustained during Hurricane Harvey. (Docket Entry No. 1-2). The defendants removed. (Docket Entry No. 1). The plaintiffs have moved to remand, challenging this court's federal-question jurisdiction. (*Id.* at 6–11; Docket Entry No. 7). For the reasons explained below, the court finds that removal was improper and grants the motion to remand. (Docket Entry No. 7). A remand order is separately entered.

**I.    Background**

The plaintiffs own a home in Spring, Texas. (Docket Entry No. 1-2 at 3). In 2000, they purchased flood insurance from Texas Farmers, as their mortgage required. (*Id.*; Docket Entry No. 11-1 at 3). The plaintiffs renewed the policy each year until 2015, when they paid off their mortgage. (Docket Entry No. 1-2 at 3). The policy expired in May 2016. (Docket Entry No. 11-1 at 3).

The plaintiffs asked McKenzie Shoaf, an insurance agent, to purchase a less expensive flood insurance policy for their home. (Docket Entry No. 1-2 at 3). They purchased a Texas Farmers

policy, which was issued in July 2016. (Docket Entry No. 11-1 at 3, 6). The plaintiffs allege that they asked Shoaf for a policy with at least $265,000 in coverage. (Docket Entry No. 1-2 at 3). The new policy covered up to $400 in flood damage. (*Id.* at 4; Docket Entry No. 11-1 at 3).

In August 2017, the plaintiffs' home sustained $250,000 in flood damage during Hurricane Harvey. (Docket Entry No. 1-2 at 3). The plaintiffs allege that they did not discover the policy's $400 limit until they submitted a claim to Texas Farmers. (*Id.* at 3–4). The company initially denied the claim, but then sent the plaintiffs checks totaling $400. (*Id.* at 4).

In November 2018, the plaintiffs sued Texas Farmers and Shoaf in state court. (*Id.* at 1). In the notice of removal, the defendants asserted that this case presents a federal question because the plaintiffs' standard flood insurance policy issued in July 2016 under the National Flood Insurance Program, and federal law preempts state-law claims arising out of a National Flood Insurance Program policy. (Docket Entry No. 1 at 6–8). The plaintiffs timely moved to remand, arguing that their only claims are under Texas law and that federal-question jurisdiction is not present. (Docket Entry No. 7). The plaintiffs assert that federal preemption does not apply because their claims arise from policy procurement, not claims handling. (*Id.* at 2).

## II. The Legal Standards

Defendants may remove a state-court action to federal court when they have articulated a basis for federal jurisdiction and removal is procedurally proper. 28 U.S.C. §§ 1441, 1446(b). The removal statute is strictly construed and ambiguities are interpreted in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The "removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Baker v. Hercules Offshore, Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (quoting *Manguno*, 276 F.3d at 723).

"Because the parties here are all Texas domiciliaries, removal jurisdiction must be based on a federal question." *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017). Federal-question jurisdiction exists if a plaintiff's well-pleaded complaint includes a claim arising under federal. *Id.* at 358–59 (citing *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008)); 28 U.S.C. § 1331. "'[T]he plaintiff [is] the master of the claim,' so he may confine his arguments to those arising under state law even if federal claims are available." *Id.* at 359 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391–92 (1987)). Removal jurisdiction is based on the claims in the operative state-court petition when the case is removed. *Louisiana v. Am. Nat'l Prop. Cas. Co.*, 746 F.3d 633, 636–37 (5th Cir. 2014).

### III. Analysis

The plaintiffs argue that their claims do not arise from the National Flood Insurance Program policy, but from the defendants' failure to procure enough insurance coverage to protect the value of the home and its contents. (Docket Entry No. 7 at 2). According to the plaintiffs, Texas Farmers and Shoaf "made a tortious misrepresentation when procuring coverage." (*Id.* at 3). The plaintiffs do not dispute that Texas Farmers paid them the $400 limit under the policy. (*Id.* at 4). The plaintiffs argue that because the state-court petition alleges causes of action related to policy procurement and not claim handling, neither the National Flood Insurance Program nor a standard flood insurance policy is implicated, and no federal question exists. (*Id.* at 7–8).

The defendants respond that the court has federal-question jurisdiction because federal law governs the policy. (Docket Entry No. 11 at 3, 7–9). This case concerns claim handling and the plaintiffs' state-law causes of action are preempted, the defendants contend, because the plaintiffs

asserted contract breach, and the standard flood insurance policy was the only contract between Texas Farmers and the plaintiffs at the time of loss. (*Id.* at 1–3, 13).

The National Flood Insurance Act, 42 U.S.C. § 4001, *et seq.*, established the National Flood Insurance Program "to make flood insurance available on reasonable terms and to reduce fiscal pressure on Federal flood relief efforts." *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009). The Program's "Write-Your-Own" policies allow private insurers like Texas Farmers to sell flood insurance underwritten by the federal government. *Id.* FEMA regulations specify the terms and conditions that these standard flood insurance policies must contain and how Write-Your-Own insurers are to adjust claims. *Id.*

While the private insurers selling Write-Your-Own policies are the ones interacting with the purchasers, the federal treasury pays the claims. *Id.* As a result, the defendants argue, the plaintiffs' standard flood insurance policy's terms and conditions, and claim-adjustment requirements, are necessarily implicated and federal-question jurisdiction exists.

In *West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978), the Fifth Circuit considered whether state or federal law applied in an action arising from a standard flood insurance policy issued under the National Flood Insurance Program. The court held that federal law controlled, because Congress established the Program and, as "the federal government participates exclusively in the [P]rogram[,] it is clear that the interest in uniformity of decision . . . mandates the application of federal law." *Id.* Not all state-law claims related to standard flood insurance policies issued under the National Flood Insurance Program are preempted. The Fifth Circuit distinguishes between state-law claims related to "handling" claims under federal flood insurance policies, which are preempted, and those related to "procuring" the insurance, which are not. *See Spence v. Omaha Indem. Ins. Co.*, 996 F.2d 793,

796 (5th Cir. 1993) ("While the national policies underlying the [National Flood Insurance Program] and extensive federal role therein impel [the] conclusion that federal common law governs under flood insurance policies, the same does not apply in actions for tortious misrepresentation against [Write-Your-Own] insurers.").

The Fifth Circuit has recently clarified the distinction between claim-handling and policy-procurement allegations in the context of longstanding relationships between an insured and an insurer selling a National Flood Insurance Policy. In *Grissom v. Liberty Mutual Fire Insurance Company*, 678 F.3d 397, 399 (5th Cir. 2012), the insured, Grissom, purchased a federal flood insurance policy in 1977. *Id.* He renewed the policy in 2004, shortly before Hurricane Katrina destroyed his home. *Id.* Grissom sued Liberty Mutual, alleging that it had not informed him that he could get greater coverage when he renewed the policy. *Id.* Grissom asked for the difference between the policy proceeds he received and what he would have received from a policy with higher coverage. *Id.* Holding that Grissom's state-law claims were not preempted because he asserted procurement, not handling, claims, the district court denied Liberty Mutual's motion for summary judgment. The jury found for Grissom, and Mutual Liberty appealed. *Id.* at 400. The Fifth Circuit reversed, explaining that the "key factor to determine if an insurer is 'claims handling' is the status of the insured at the time of the interaction between the parties." *Id.* at 401. If the insured "is already covered in the midst of a non-lapsed insurance policy," then the insurer's interactions with the insured "are 'claims handling' subject to preemption." *Id.* Because Grissom's suit was about renewing a non-lapsed policy, his state-law claim was preempted. *Id.*

By comparison, in *Spong v. Fidelity National Property and Casualty Insurance Company*, 787 F.3d 296, 298 (5th Cir. 2015), the insureds bought a standard flood insurance policy for their

5

home in March 2006. Hurricane Ike severely damaged the home and swept away the insureds' personal belongings. *Id.* They sued Fidelity in state court, asserting several Texas-law claims, including negligence, negligent misrepresentation, and fraud. *Id.* at 307. Fidelity removed, and the insureds moved to remand, arguing that the district court lacked subject-matter jurisdiction. *Id.* at 302. "[C]oncluding [that] federal funds were at risk as FEMA would likely pay any judgment the [insureds] obtained against Fidelity," the court denied the motion. *Id.* Fidelity moved for summary judgment based on federal preemption. *Id.* The court denied the motion, but certified the ruling for interlocutory appeal. *Id.* The Fifth Circuit vacated the ruling, but agreed that "federal law does not preempt the [insureds'] policy-procurement claims." *Id.* at 306. Applying *Grissom*, the court reasoned that because the insureds "were not already covered by flood insurance at the time the policy issued," they "were in the position of potential future policyholders." *Id.* (quotation and alteration omitted).

The same is true here. The defendants concede that while Texas Farmers had a longstanding relationship with the plaintiffs, the original policy had expired in May 2016. (*See* Docket Entry No. 11-1 at 3). The defendants also concede that the plaintiffs "then applied for a new flood insurance policy" in July 2016. (*Id.*). The plaintiffs "were in the position of potential future policyholders" because they "were not already covered by flood insurance at the time the [second] policy issued." *Spong*, 787 F.3d at 306.

The plaintiffs' state-court petition shows that the causes of action relate to insurance procurement, not claims handling. The negligence claim alleges that the defendants failed to: "disclos[e] the true nature and limitations of the Farmers insurance policy"; "disclos[e] that the Farmers insurance policy they sold to the plaintiffs did not contain the coverage that the plaintiffs

sought from the defendants"; and "procur[e] an insurance policy that covered the extent of flooding that the plaintiffs requested be covered." (Docket Entry No. 1-2 at 5). The contract-breach claim alleges that the defendants breached the contract to *purchase* the current policy, not that Texas Farmers failed to process the plaintiffs' claim under the policy that was purchased. (*See id.* at 4). The parties agree that Texas Farmers fully performed by tendering the policy's limit of $400, and the plaintiffs do not allege tortious conduct related to coverage already in place. *See Chaudhary v. Chubb & Son, Inc., et al.*, No. H-18-2179, 2018 WL 4680563, at *4 (S.D. Tex. Sept. 28, 2018).

Federal law does not preempt the plaintiffs' state-law procurement-based claims. Removal was improper because the court lacks federal-question jurisdiction.

**IV.    Conclusion**

The plaintiffs' motion to remand is granted. (Docket Entry No. 7). The action is remanded to the 284th Judicial District Court, Montgomery County, Texas. A remand order is separately entered.

SIGNED on May 7, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge